U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 10 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RODDRICK JOHNSON | CIVIL ACTION NO. 08-71-P |
| VERSUS | JUDGE DONALD E. WALTER |
| BOSSIER CITY POLICE DEPT., ET AL. | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 19], filed on behalf of defendants, Officer Louis N. Smith, III, and the Bossier City Police Department. For the reasons assigned below, Defendants' motion is **GRANTED**.

### I. FACTUAL BACKGROUND

In January 2007, Officer Louis N. Smith, III ("Officer Smith"), a member of the Bossier City Police Department acting as an undercover narcotics officer, was involved in an investigation of Roddrick Johnson ("Johnson"), who was believed to be involved in trafficking crack cocaine. On January 24, 2007, a call was made to Johnson, who indicated he was on Interstate 20 headed to Bossier City and that he would drop off a quantity of crack cocaine at the Amber Inn Motel in Bossier City. Johnson stated that he would be driving a blue Ford Taurus. [Ex. A].

Thereafter, Officer Smith positioned himself in a police vehicle across the street from the Amber Inn Motel, from where he observed a blue Ford Taurus pull into the parking lot of the motel. A black male exited the vehicle and knocked on the door to one of the rooms, where uniformed Bossier City police officers were waiting inside. As the officers opened the door, Officer Smith observed the suspect flee and the other officers chase the suspect. Officer Smith lost sight of the

Page 1

chase, but soon learned that the officers were able to apprehend the suspect, who was identified as Roddrick Johnson. *Id.* That same evening, Johnson was arrested for possession of narcotics with intent to distribute. [Rec. Doc. 16].

In February 2008, Johnson filed a complaint alleging he was "the victim of police brutality," and that the amount of force used against him during the arrest "was unnecessary and a violation of his constitutional rights." [Rec. Doc. 5]. He named Officer Smith and the Bossier City Police Department as defendants.

Defendants now seek summary judgment in their favor on the ground that Officer Smith is entitled to qualified immunity and that the Bossier City Police Department is not a legal entity and therefore not subject to suit. Even if the correct legal entity, the City of Bossier, had been named, Defendants argue Johnson would not be entitled to relief because he has not identified and cannot prove any policy or practice of the muncipality that offends constitutional standards. [Rec. Doc. 19].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the burden of informing the court "of the

basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). Once the moving party demonstrates the absence of evidence supporting the non-moving party's case, the burden falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. The nonmovant "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). After reviewing the motions and supporting evidence, the court may grant summary judgment only if it is "satisfied that no reasonable trier of fact could find for the nonmoving party." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

### III. LAW AND ANALYSIS

#### A. Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Because qualified immunity is "an immunity from suit rather than a mere defense to liability,... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Consequently, qualified immunity questions should be resolved at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991) (per curiam).

In *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001), the Supreme Court held that

a court ruling upon the issue of qualified immunity must apply a two-step analysis. First, the court must determine whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a violation has been established, the court must then determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the conduct in question[1]. *Id.*; *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). If officers of reasonable competence could disagree as to whether the plaintiff's right were violated, the officer's qualified immunity remains intact. *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005), *citing Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986) (the qualified immunity standard "gives ample room for mistaken judgments" by protecting "all by the plaintiff incompetent or those who knowingly violate the law.").

Officer Smith's only involvement with the arrest of Johnson on January 24, 2007 was as an observer from across the street. Johnson has not alleged nor produced any evidence that demonstrates Officer Smith was involved in the actual arrest, that Officer Smith had any physical contact with him, or that Officer Smith was even present when the alleged "brutality" occurred. Consequently, Johnson's factual allegations do not give rise to a constitutional violation. *See Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) ("In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are casually connected to the constitutional violation alleged."); *Nowell v.*

---

[1] In *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009), the Supreme Court held that while the sequence set forth in *Saucier* is often appropriate, it is no longer mandatory. Instead, lower courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* In this case, it is appropriate to initially determine whether a constitutional violation has been alleged.

*Acadian Ambulance Serv.*, 147 F.Supp.2d 495, 507 (W.D.La. 2001) (summary judgment was proper where the plaintiff failed to submit any evidence contradicting the officers' testimony that they were not present when the alleged use of excessive force occurred nor did they observe any excessive use of forced prior to his arrest).

### B. MUNICIPAL LIABILITY

Johnson named the Bossier City Police Department as a defendant, but the Bossier City Police Department is not a separate legal entity from the City of Bossier and does not have the capacity to be sued. *See Miles v. Slidell Police Dept.*, 2008 WL 544523, *2 (E.D.La. 2008) (citing *Ruggiero v. Lichfield*, 700 F.Supp. 863, 865 (M.D. La. 1988)). The State of Louisiana grants no such legal status to any law enforcement office or department. *Id.* (citing *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App.3d Cir.), *writ ref'd*, 352 So.2d 235 (La. 1977). Thus, because the Bossier City Police Department is not a "person" for purposes of section 1983 liability, all claims against the Bossier City Police Department must be dismissed as legally frivolous. *Id.*

### IV. CONCLUSION

Plaintiff Roddrick Johnson has not alleged any facts or presented any evidence to show there is a "genuine issue of material fact" that remains. Officer Smith is entitled to qualified immunity and the Bossier City Police Department is not a "person" subject to liability under section 1983. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _10_ day of August, 2009.

*[signature]*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE